### OLIVER v. OLIVER.   (No. 6501.)

(Court of Civil Appeals of Texas. Austin. Dec. 6, 1922.)

Divorce ☞62(2) — Failure to reside six months in county ground for dismissal of suit.

Where plaintiff at time of suing for divorce had not been a resident of the county of suit for six months prior thereto, she was not entitled to maintain her suit in that county.

Appeal from District Court, Bell County; M. B. Blair, Judge.

Action by Eva C. Oliver against James R. Oliver. From judgment for plaintiff, defendant appeals. Reversed and remanded.

DeWitt Bowmer, of Temple, and Few Brewster, of Belton, for appellant.

JENKINS, J. This suit was filed by appellee against appellant for a divorce. The case was tried before the court without a jury, and judgment rendered in favor of appellee.

The evidence as appearing in the record shows clearly that appellee, at the time of bringing this suit, had not been a resident of Bell county for six months prior thereto;

for which reason she was not entitled to maintain her suit in the district court of that county.

For the reason stated, the judgment of the court herein is reversed and remanded, with instructions to the trial court to dismiss this cause without prejudice.

Reversed, with instructions.

---

### ELLERD v. GALOVITCH et ux.   (No. 1389.)

(Court of Civil Appeals of Texas. El Paso. Dec. 14, 1922.)

Appeal and error ☞781(4)—Appeal from order refusing injunction against interference with possessory right dismissed, where petition shows possessory right has terminated.

In sublessee's action to enjoin lessors from interfering with his possessory right, an appeal from an order refusing a temporary injunction will be dismissed as presenting merely a moot question, where the petition on its face shows that the possessory right has terminated.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Reuben M. Ellerd against Dan Galovitch and wife. From an order refusing a temporary injunction, plaintiff appeals. Appeal dismissed.

Ellerd & McClenny, of El Paso, for appellant.

Jno. T. Hill, of El Paso, for appellees.

HIGGINS, J. This is an appeal from an order refusing a temporary injunction.

The appellees are the owners of certain premises in the city of El Paso. Appellant subleased a part of the premises from a lessee of appellees. Appellees resumed possession of the premises from their tenant, and ejected the appellant. The appellant sought to enjoin appellees from interfering with the possessory right which he claimed, and to recover damages for the alleged unlawful ejectment. The petition upon its face shows that the possessory right terminated June 15, 1922. The only question ever properly before this court upon this appeal related to the refusal to grant the temporary injunction. Questions relating to the action for damages are not before us, as there has been no trial of that issue. Since appellant's possessory right has terminated by the lapse of time all questions relating to the refusal of the injuction have become moot, and there is nothing left but the question of costs. The authorities are numerous that under such circumstances the appeal will be dismissed. It is so ordered.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes